IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**NAUTILUS INSURANCE COMPANY,**

    Plaintiff,

vs.                                           Case No. 4:13cv536-WS/CAS

**CHARLES FERRELL,
DELL SCHNEIDER, and
SUNSET ISLE PARTNERS, LLC,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff filed a Complaint for Declaratory Judgment, doc. 1, on September 25, 2013, pursuant to 28 U.S.C. § 2201.  Summons were returned executed for all three Defendants, docs. 4-6.  Defendant Schneider filed a pro se Answer, doc. 7, on November 4, 2013, and an Answer, doc. 9, and notice of appearance, doc. 8, was filed by Defendant Ferrell on November 5, 2013.  The Clerk entered a default as to Defendant Sunset Isle Partners, docs. 12-13, on December 2, 2013, pursuant to FED. R. CIV. P. 55(a).  No motion for default judgment has been filed.

    After the discovery period, *see* docs. 11, 15-16, Plaintiff filed a motion for summary judgment, doc. 17, supported by a statement of facts, doc. 18, and a

memorandum of law, doc. 19.[1] An Order was entered nearly a month later when no responses were filed to the pending summary judgment motion, advising Defendant Ferrell and pro se Defendant Schneider that they must file responses no later than June 9, 2014. Doc. 21. Defendants were also advised parties of their burden in opposing summary judgment pursuant to Fed. R. Civ. P. 56 and N.D. Fla. Loc. R. 56.1. *Id.* No opposition has been filed and, thus, Plaintiff's summary judgment motion is unopposed.

**Background**

On April 27, 2009, Ferrell was standing on an elevated deck on Schneider's property at Sunset Isle RV and Yacht Club in Carrabelle, Florida. Doc. 18 at 2. Ferrell was injured when the elevated deck collapsed. *Id.* On September 17, 2012, Ferrell brought a civil action in the Second Judicial Circuit in and for Franklin County, Florida, seeking to recover for damages due to that injury. *Id.* at 1-2. Plaintiff Nautilus Insurance Company [hereinafter Nautilus] issued a Commercial General Liability Insurance Policy to Defendant Sunset Isle Partners, LLC [hereinafter Sunset], "c/o Dell Schneider," which was in effect at the time of the injury to Ferrell. *Id.* at 3. On March 1, 2013, Nautilus agreed to defend Sunset and Schneider "under a full and complete reservation of rights including the right to seek reimbursement of defense fees and costs." *Id.* at 6. On September 25, 2013, Nautilus filed this case seeking a declaration that it has no duty to defend or indemnify Sunset and Schneider due to a policy exclusion for "Employees, Contractors, Volunteers and Workers." *Id.* The question to be answered in this case is whether Ferrell was a "worker" when injured and, if so,

---

[1] Plaintiff also filed amended certificates of service on April 21, 2014. Doc. 20.

whether Nautilus has the right to be reimbursed for sums incurred in the defense of Sunset and Schneider in the underlying state court action.  Doc. 17. [2]

**Legal standards governing a motion for summary judgment**

Plaintiff may move for summary judgment, with or without supporting affidavits, upon all or any part of the claim.  Fed. R. Civ. P. 56(a).  Summary judgment shall be granted in favor of Plaintiff "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "A claimant is entitled to summary judgment only when no genuine issue of material fact exists, the papers on the motion demonstrate the right to relief, and every one of the defenses asserted legally are insufficient."  10B CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 2734 (1983).

An issue of fact is "material" if it could affect the outcome of the case.  Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).  All reasonable inferences must be resolved in the light most favorable to the nonmoving party.  Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v.

---

[2] Ferrell voluntarily dismissed Nautilus from the underlying case.  Doc. 1-3.  Recently, Nautilus filed a notice, doc. 22, on August 27, 2014, advising that Ferrell voluntarily dismissed his claim against Schneider from the underlying state court action as well.  Doc. 22, ex. A.

Case No. 4:13cv536-WS/CAS

Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Fed. R. Civ. P. 56(c), (e).

In addition, Plaintiff submitted a "separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried" as required by N.D. Fla. Loc. R. 56.1. Doc. 18. Pursuant to N.D. Fla. Loc. R. 56.1(A), all facts set forth in Plaintiff's statement of facts are deemed admitted to the degree they are supported by the record evidence because neither of the Defendants submitted opposition to summary judgment or controverted Plaintiff's statement.

**The Undisputed Rule 56(e) Evidence**

Nautilus issued Insurance Policy Number NC864085 to Sunset and Schneider, effective between January 4, 2009, and July 4, 2009. Doc. 18, Ex. A (Nechamkin affidavit); Doc. 1, Ex. 4 (doc. 1-4).[3] The Policy binds Nautilus to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies." Doc. 1, Ex. 4 (doc. 1-4 at 9). Nautilus has "the right and duty to defend the insured against any 'suit' seeking those damages." *Id.* The Policy provides that Nautilus has "no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which [the] insurance does not apply." *Id.*

The Policy contains an exclusion for "Employer's Liability," which is "bodily injury" to "[a]n 'employee' of the insured arising out of and in the course of (a) Employment by

---

[3] Although the affidavit stated that the relevant insurance policy was attached to the affidavit, it was not. However, the policy was attached as an exhibit to the Complaint, doc. 1-4. Policy number NC864085 was a renewal of Policy number NC746986. *Id.*

the insured; or (b) Performing duties related to the conduct of the insured's business . . . ."  Doc. 1, Ex. 4 (doc. 1-4 at 10, 32).  The word "employee" is defined as:

> . . . . any person or persons who provide services directly or indirectly to any insured, regardless of where the services are performed or where the 'bodily injury' occurs including, but not limited to, a 'leased worker', a 'temporary worker', a 'volunteer worker', a statutory employee, a casual worker, a seasonal worker, a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, employed by, or contracted by any insured or any insured's contractor, subcontractor, or independent contractor.

Doc. 1-4 at 32.

The complaint filed by Ferrell in state court against Schneider alleged that on "April 27, 2009, [Ferrell] was working on premises owned by [Schneider], erecting a deck that stood approximately fifteen (15) feet in the air."  Doc. 1-1 at 1.[4]  The amended complaint asserted that Schneider was at all times "an officer, agent, member, manager, or employee of" Sunset.  Doc. 1-2 at 2.

Nautilus served requests for admissions to Schneider on February 19, 2014, requesting Schneider to admit the following facts: that Sunset and Schneider hired Odom Family, LLC to construct the deck and, in turn, Odom Family, LLC hired Ferrell to construct the deck.  Doc. 18 at 6, *citing* Ex. B (doc. 18-2 at 3-4).  Schneider was also requested to admit that at the time Ferrell was injured, Ferrell was working either indirectly or directly for Schneider and Sunset.  *Id.*   Schneider did not respond.

Similarly, Nautilus served requests for admissions to Ferrell who, did not timely respond, but did belatedly admit that on the day of the accident, he was "working on

---

[4] An amended complaint was filed which omitted the allegation that Ferrell was working on the deck, stating instead that Ferrell and Schneider "were standing on an elevated deck on" Schneider's property at Sunset Isle RV and Yacht Club.  Doc. 1-2 at 2.

premises owned by" Schneider, erecting a 15 foot high deck, that he was "paid in connection with the construction of the deck," and that Schneider contributed to his medical bills. Doc. 18, *citing* Exhibits C (doc. 18-3 at 3-4) and D (doc. 18-4 at 1-2).

**Analysis**

Nautilus served requests for admissions to Schneider who failed to respond to the request. Doc. 17 at 3-4. Pursuant to Rule 26(a)(3), a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). Because Schneider never responded to the requests, he has admitted that he and Sunset hired Odom Family, LLC to construct a deck and, in turn, Odom Family, LLC hired Ferrell to construct the deck. Doc. 18 at 6, *citing* Ex. B (doc. 18-2 at 3-4). Schneider has also admitted that at the time of the accident and subsequent injury, Ferrell was working either indirectly or directly for Schneider and Sunset. *Id.* Ferrell has also admitted that he was working to build a deck on Schneider's property and was paid "in connection with the construction of the deck." The evidence is undisputed that Ferrell is, pursuant to the definition of employee in the Policy, an employee of Schneider and Sunset because he was providing services to the insured when erecting a deck on the property. As such, insurance coverage for the injury to Ferrell is excluded by the Employer's Liability Exclusion and Nautilus has no duty to defend or indemnify Sunset or Schneider. The language of the policy exclusion is clear and unambiguous.

Summary judgment should be granted in favor of Nautilus, declaring that Nautilus has no duty to defend or indemnify Sunset Isle Partners, LLC, or Dell Schneider. In addition, judgment should be entered in favor of Nautilus to reimburse Nautilus for sums incurred in the defense of the underlying state court action filed in Franklin County, Florida.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion for summary judgment filed by Plaintiff Nautilus Insurance Company, doc. 1, be **GRANTED**. A Declaratory Judgment should be entered pursuant to 28 U.S.C. § 2201 that Nautilus has no duty to defend or indemnify Sunset Isle Partners, LLC, or Dell Schneider and is entitled to be reimbursed for sums incurred in the defense of the underlying state court action filed by Charles Ferrell in Franklin County, Florida.

**IN CHAMBERS** at Tallahassee, Florida, on September 17, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**